IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| EFRAIN ROMERO-GARCIA, as father and statutory next-of-kin of Efrain Romero de la Rosa,<br><br>        Plaintiff,<br><br>v.<br><br>CORECIVIC, INC.,<br><br>        Defendant. | Civil Action No. 4:20-cv-00158-CDL |

**DEFENDANT CORECIVIC'S ANSWER TO COMPLAINT**

Defendant CoreCivic, Inc. ("CoreCivic") submits its Answer to Plaintiff's Complaint ("Complaint") and denies each allegation and each claim for relief contained in Plaintiff's Complaint which is not expressly admitted or otherwise pled to. Defendant CoreCivic admits, denies, and alleges as follows:

**Introduction**

1. In answering Paragraph 1 of Plaintiff's Complaint, CoreCivic admits only that Plaintiff asserts an action for wrongful death and prays for an award of compensatory damages relating to the death by suicide of Efrain Romero de la Rosa at the Stewart Detention Center. CoreCivic denies that Plaintiff's decedent was in a solitary containment cell, that the decedent was 38 years-old, and that the suicide was preventable using reasonable and ordinary care. Defendant CoreCivic is without sufficient knowledge or information to form a belief as to the length of time that Plaintiff's decedent resided in the United States and his prior alleged medical condition, and therefore denies the same. CoreCivic denies the remaining allegations in Paragraph 1.

**Parties**

2. In answering Paragraph 2 of Plaintiff's Complaint, CoreCivic is without sufficient knowledge or information to form a belief as to the residence of Plaintiff, his relationship to the Decedent, and whether or not Decedent had any heirs who may have priority to assert a wrongful death claim, and therefore denies the same.

3. In answering Paragraph 3 of Plaintiff's Complaint, CoreCivic admits the allegations.

4. In answering Paragraph 4 of Plaintiff's Complaint, CoreCivic only admits that it owns the Stewart Detention Center in Lumpkin, GA and at all relevant times operated it as a service provider to Stewart County, GA in accordance with the Inter-Governmental Service Agreement between United States Immigration and Customs Enforcement ("ICE") and Stewart County, GA. CoreCivic denies the remaining allegations in Paragraph 4.

**Jurisdiction & venue**

5. In answering Paragraph 5 of Plaintiff's Complaint, CoreCivic admits only that this court has subject matter jurisdiction. CoreCivic affirmatively alleges that this court has subject-matter jurisdiction under 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000. CoreCivic also admits that claims brought under the Rehabilitation Act and Alien Tort Statute are federal questions which may confer subject matter jurisdiction. By so admitting, CoreCivic does not admit the sufficiency of the allegations or the validity of any claim, all which are specifically denied. CoreCivic denies all remaining allegations in Paragraph 5, and specifically denies violation of either Section 504 of the Rehabilitation Act or the Alien Tort Statute.

6. In answering Paragraph 6 of Plaintiff's Complaint, CoreCivic admits that venue is proper in this Court. By so admitting, CoreCivic does not admit the sufficiency of the allegations or the validity of the claims, all of which are specifically denied. CoreCivic denies all remaining allegations in Paragraph 6.

7. In answering Paragraph 7 of Plaintiff's Complaint, CoreCivic admits only that this Court has specific personal jurisdiction over it because events giving rise to Plaintiff's claims

occurred in Georgia. By so admitting, CoreCivic does not admit the sufficiency of the allegation or the validity of the claims, all of which are specifically denied. CoreCivic denies all remaining allegations in Paragraph 7.

8. In answering Paragraph 8 of Plaintiff's Complaint, CoreCivic affirmatively asserts that the Court has proper subject matter jurisdiction over Plaintiff's Georgia state wrongful death claim, because the parties are diverse and the amount in controversy exceeds $75,000. By so admitting, CoreCivic does not admit the sufficiency of the allegation or the validity of the claims, all of which are specifically denied. CoreCivic denies all remaining allegations in Paragraph 8.

**Facts**

9. In answering Paragraph 9 of Plaintiff's Complaint, CoreCivic admits only that prior to the suicide of Plaintiff's decedent on July 10, 2018, another detainee committed suicide at the Stewart Detention Center on May 15, 2017. CoreCivic denies all remaining allegations in Paragraph 9.

10. In answering Paragraph 10 of Plaintiff's Complaint, CoreCivic denies the allegations.

11. In answering Paragraph 11 of Plaintiff's Complaint, CoreCivic denies the allegations.

12. In answering Paragraph 12 of Plaintiff's Complaint, CoreCivic admits only that the times recorded on the Watch Log by the staff member, do not match the times on the surveillance video time-stamp. CoreCivic denies that those acts or omissions proximately permitted either detainee to commit suicide and denies all remaining allegations in Paragraph 12.

13. In answering Paragraph 13 of Plaintiff's Complaint, CoreCivic denies the allegations.

14. In answering Paragraph 14 of Plaintiff's Complaint, CoreCivic denies the allegations.

15. In answering Paragraph 15 of Plaintiff's Complaint, CoreCivic denies the allegations.

16. In answering Paragraph 16 of Plaintiff's Complaint, CoreCivic denies the allegations.

17. In answering Paragraph 17 of Plaintiff's Complaint, CoreCivic denies the allegations.

18. In answering Paragraph 18 of Plaintiff's Complaint, CoreCivic denies the allegations.

19. In answering Paragraph 19 of Plaintiff's Complaint, CoreCivic denies the allegations.

20. In answering Paragraph 20 of Plaintiff's Complaint, CoreCivic specifically denies that it was responsible for providing medical or mental health services at Stewart Detention Center prior to November 2018. CoreCivic also denies that it maintained any medical or mental health records pertaining to Plaintiff's decedent. CoreCivic is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 20 of Plaintiff's Complaint, and therefore denies the same.

21. In answering Paragraph 21 of Plaintiff's Complaint, CoreCivic specifically denies that it was responsible for providing medical or mental health services at Stewart Detention Center prior to November 2018. CoreCivic also denies that it maintained any medical or mental health records pertaining to Plaintiff's decedent. CoreCivic is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 21 of Plaintiff's Complaint, and therefore denies the same.

22. In answering Paragraph 22 of Plaintiff's Complaint, CoreCivic admits only that Plaintiff's decedent was discharged from Stewart Detention Center on May 4, 2018 and was hospitalized. CoreCivic specifically denies that it was responsible for providing medical or mental health services at Stewart Detention Center prior to November 2018. CoreCivic also denies that it maintained any medical or mental health records pertaining to Plaintiff's decedent. CoreCivic is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 22 of Plaintiff's Complaint, and therefore denies the same.

23. In answering Paragraph 23 of Plaintiff's Complaint, CoreCivic admits only that Plaintiff's decedent was admitted to Stewart Detention Center on June 12, 2018, where he was initially assigned to housing in Housing Area 7B. CoreCivic specifically denies that it was responsible for providing medical or mental health services at Stewart Detention Center prior to November 2018. CoreCivic also denies that it maintained any medical or mental health records pertaining to Plaintiff's decedent. CoreCivic denies the remaining allegations in Paragraph 23 of Plaintiff's Complaint.

24. In answering Paragraph 24 of Plaintiff's Complaint, CoreCivic specifically denies that it was responsible for providing medical or mental health services at Stewart Detention Center prior to November 2018. CoreCivic also denies that it maintained any medical or mental health records pertaining to Plaintiff's decedent. CoreCivic is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 24 of Plaintiff's Complaint, and therefore denies the same.

25. In answering Paragraph 25 of Plaintiff's Complaint, CoreCivic admits only that on June 14, 2018 Plaintiff's decedent was reassigned to Housing Area 5A, which is designated for general population detainees. CoreCivic also admits that on June 19, 2018, Plaintiff's decedent received Notice of Prohibited Acts and Charges, for making sexual proposals or threats, a "High" category offense under the ICE disciplinary code. With the approval of ICE Health Services Corps personnel, Plaintiff's decedent was then medically approved for placement in a Restrictive Housing environment. CoreCivic denies the remaining allegations in Paragraph 25 of Plaintiff's Complaint.

26. In answering Paragraph 26 of Plaintiff's Complaint, CoreCivic specifically denies that it was responsible for providing medical or mental health services at Stewart Detention Center prior to November 2018. CoreCivic also denies that it maintained any medical or mental health records pertaining to Plaintiff's decedent. CoreCivic is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 26 of Plaintiff's Complaint, and therefore denies the same.

27. In answering Paragraph 27 of Plaintiff's Complaint, CoreCivic admits only that on June 21, 2019 L. Gainer signed the Disciplinary Segregation Order, reflecting the decision of the Institutional Disciplinary Panel, that Plaintiff's decedent was guilty of making sexual proposals, a "High" category offense under the ICE disciplinary code, and imposed 30 days of Disciplinary Segregation. CoreCivic denies the remaining allegations in Paragraph 27 of Plaintiff's Complaint.

28. In answering Paragraph 28 of Plaintiff's Complaint, CoreCivic specifically denies that it was responsible for providing medical or mental health services at Stewart Detention Center prior to November 2018. CoreCivic also denies that it maintained any medical or mental health records pertaining to Plaintiff's decedent. CoreCivic is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 28 of Plaintiff's Complaint, and therefore denies the same.

29. In answering Paragraph 29 of Plaintiff's Complaint, CoreCivic denies the allegations.

30. In answering Paragraph 30 of Plaintiff's Complaint, CoreCivic denies the allegations.

31. In answering Paragraph 31 of Plaintiff's Complaint, CoreCivic denies the allegations.

32. In answering Paragraph 32 of Plaintiff's Complaint, CoreCivic denies the allegations.

33. In answering Paragraph 33 of Plaintiff's Complaint, CoreCivic denies the allegations.

34. In answering Paragraph 34 of Plaintiff's Complaint, CoreCivic admits only that F. Wims was a Detention Officer who was separated from CoreCivic's employment. CoreCivic lacks sufficient information and knowledge to form a belief as to whether Mr. Wims was referred to the U.S. Attorney's Office for criminal prosecution, and therefore denies the same. CoreCivic denies all remaining allegations in Paragraph 34 of Plaintiff's Complaint and affirmatively alleges that the former CoreCivic employee referred to in Paragraph 34 was not employed by CoreCivic at the

times relevant to this lawsuit and the detention of the deceased and as such, all allegations asserted in Paragraph 34 of Plaintiff's Complaint have no causal connection to the death of the decedent.

35. In answering Paragraph 35 of Plaintiff's Complaint, CoreCivic lacks sufficient information and knowledge for form a belief as to truth of the allegations in Paragraph 35, and therefore denies the same. CoreCivic affirmatively alleges that the former CoreCivic employee referred to in Paragraphs 34 and 35 was not employed by CoreCivic at the times relevant to this lawsuit and the detention of the deceased and as such, all allegations asserted in Paragraph 35 of Plaintiff's Complaint have no causal connection to the death of the decedent.

36. In answering Paragraph 36 of Plaintiff's Complaint, CoreCivic denies the allegations.

37. In answering Paragraph 37 of Plaintiff's Complaint, CoreCivic denies the allegations.

38. In answering Paragraph 38 of Plaintiff's Complaint, CoreCivic affirmatively alleges that a separate entity, rather than CoreCivic, was responsible for providing, inspecting, and maintaining emergency response equipment and supplies during the relevant time period. CoreCivic denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39. In answering Paragraph 39 of Plaintiff's Complaint, CoreCivic denies the allegations.

40. In answering Paragraph 40 of Plaintiff's Complaint, CoreCivic denies the allegations.

41. In answering Paragraph 41 of Plaintiff's Complaint, CoreCivic denies the allegations.

42. In answering Paragraph 42 of Plaintiff's Complaint, CoreCivic denies the allegations.

43. In answering Paragraph 43 of Plaintiff's Complaint, CoreCivic lacks sufficient information and knowledge for form a belief as to the truth of the allegations. CoreCivic affirmatively alleges that irrespective of the actions taken by a physical custodian, a determined

detainee may find a way to successfully complete a suicide. CoreCivic therefore denies the allegations in Paragraph 43 of Plaintiff's Complaint insofar as the allegations intimate that CoreCivic caused or contributed to the decedent's deliberate suicide.

44. In answering Paragraph 44 of Plaintiff's Complaint, CoreCivic denies the allegations.

45. In answering Paragraph 45 of Plaintiff's Complaint, CoreCivic denies the allegations.

## CLAIMS FOR RELIEF

## COUNT ONE: WRONGFULE DEATH

46. In answering Paragraph 46 of Plaintiff's Complaint, CoreCivic incorporates by reference its responses to Paragraphs 1–45, above.

47. In answering Paragraph 47 of Plaintiff's Complaint, CoreCivic denies the allegations.

48. In answering Paragraph 48 of Plaintiff's Complaint, CoreCivic denies the allegations.

49. In answering Paragraph 49 of Plaintiff's Complaint, CoreCivic denies the allegations..

50. In answering Paragraph 50 of Plaintiff's Complaint, CoreCivic denies the allegations.

51. In answering Paragraph 51 of Plaintiff's Complaint, CoreCivic denies the allegations.

52. The allegations in Paragraph 52 of Plaintiff's Complaint are legal conclusions, to which no response is required. To the extent any response is required, CoreCivic denies the allegations.

## COUNT TWO: TORTURE

53. In answering Paragraph 53 of Plaintiff's Complaint, CoreCivic incorporates by reference its responses to Paragraphs 1–52, above. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

54. The allegations in Paragraph 54 of Plaintiff's Complaint are legal conclusions, to which no response is required. To the extent any response is required, CoreCivic denies the allegations. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

55. The allegations in Paragraph 55 of Plaintiff's Complaint are legal conclusions, to which no response is required. To the extent any response is required, CoreCivic denies the allegations. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

56. In answering Paragraph 56 of Plaintiff's Complaint, CoreCivic denies the allegations. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

57. In answering Paragraph 57 of Plaintiff's Complaint, CoreCivic denies the allegations. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

58. In answering Paragraph 58 of Plaintiff's Complaint, CoreCivic admits only that the Institutional Disciplinary Panel found Plaintiff's decedent guilty of a "High" classification offense, specifically making sexual proposals or threats, and imposed a sanction of 30-days of disciplinary segregation. CoreCivic denies the remaining allegations in Paragraph 58 of Plaintiff's Complaint. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

59. In answering Paragraph 59 of Plaintiff's Complaint, CoreCivic denies the allegations. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

60. In answering Paragraph 60 of Plaintiff's Complaint, CoreCivic denies the allegations. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

61. In answering Paragraph 61 of Plaintiff's Complaint, CoreCivic denies the allegations. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

62. In answering Paragraph 62 of Plaintiff's Complaint, CoreCivic denies the allegations. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

63. The allegations in Paragraph 63 of Plaintiff's Complaint are legal conclusions, to which no response is required. To the extent any response is required, CoreCivic denies the allegations. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

## COUNT THREE: DISABILITY DISCRIMINATION

64. In answering Paragraph 64 of Plaintiff's Complaint, CoreCivic incorporates by reference its responses to Paragraphs 1–63 above. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

65. The allegations in Paragraph 65 of Plaintiff's Complaint are legal conclusions, to which no response is required. To the extent any response is required, CoreCivic denies the allegations. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

66. In answering Paragraph 66 of Plaintiff's Complaint, CoreCivic denies the allegations. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

67. In answering Paragraph 67 of Plaintiff's Complaint, CoreCivic admits only that the ICE Performance Based National Detention Standards require facilities housing ICE detainees to offer a Voluntary Work Program, and that Congress has authorized a daily allowance of $1 for

each ICE detainee who participates in the program. The allegations in this Paragraph, "thus providing GEO a significant financial benefit" are not directed to this answering Defendant, and no response is required. CoreCivic denies the remaining allegations in Paragraph 67 of Plaintiff's Complaint. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

68.  In answering Paragraph 68 of Plaintiff's Complaint, CoreCivic denies the allegations. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

69.  The allegations in Paragraph 69 of Plaintiff's Complaint are legal conclusions, to which no response is required. To the extent any response is required, CoreCivic denies the allegations. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

70.  The allegations raised in Paragraph 70 of Plaintiff's Complaint are legal conclusions, to which no response is required and the allegations are not directed to CoreCivic. The referenced document speaks for itself. To the extent any response is required, CoreCivic denies the allegations and specifically denies the applicability of the June 6, 2016, Department of Homeland Security, Office for Civil Rights and Liberties Guide 065-01-001-01, *Component Self-Evaluation and Planning Reference Guide,* to the purported actions or omissions of CoreCivic employees giving rise to this action during the relevant time period at the Stewart Detention Center. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

71.  The allegations raised in Paragraph 71 of Plaintiff's Complaint are legal conclusions, to which no response is required and the allegations are not directed to CoreCivic The referenced documents speaks for themselves. To the extent any response is required, CoreCivic denies the allegations and specifically denies the applicability of the June 6, 2016, Department of Homeland Security, Office for Civil Rights and Liberties Guide 065-01-001-01, *Component Self-Evaluation and Planning Reference Guide,* or DHS Directives System Instruction Number 065-

01-001, Revision No. 00 (March 13, 2015) to the purported actions or omissions of CoreCivic employees giving rise to this action during the relevant time period at the Stewart Detention Center. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

72. In answering Paragraph 72 of Plaintiff's Complaint, CoreCivic specifically denies that it was responsible for providing medical or mental health services at Stewart Detention Center prior to November 2018. CoreCivic also denies that it maintained any medical or mental health records pertaining to Plaintiff's decedent. CoreCivic is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 72 of Plaintiff's Complaint, and therefore denies the same. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

73. In answering Paragraph 73 of Plaintiff's Complaint, CoreCivic denies the allegations. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

74. In answering Paragraph 74 of Plaintiff's Complaint, CoreCivic denies the allegations. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

75. In answering Paragraph 75 of Plaintiff's Complaint, CoreCivic denies the allegations. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

76. In answering Paragraph 76 of Plaintiff's Complaint, CoreCivic denies the allegations. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

77. The allegations in Paragraph 77 of Plaintiff's Complaint are legal conclusions to which no response is required. To the extent any response is required, CoreCivic denies the allegations. Simultaneously this same date, CoreCivic moves to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6).

## REQUEST FOR RELIEF

In answering Paragraphs 1–6 of Plaintiff's Request for Relief, CoreCivic denies that Plaintiff is entitled to any of the relief he seeks.

## AFFIRMATIVE DEFENSES

1. As a separate defense and in the alternative, CoreCivic alleges Plaintiff lacks standing.

2. As a separate defense and in the alternative, CoreCivic alleges Plaintiff's claims may be barred by the relevant statutes of limitation.

3. As a separate defense and in the alternative, CoreCivic alleges Plaintiff fails to state a claim upon which relief may be granted.

4. As a separate defense and in the alternative, CoreCivic alleges it did not breach any duty to Plaintiff or his decedent.

5. As a separate defense and in the alternative, CoreCivic alleges that neither decedent's death nor Plaintiff's alleged damages were caused or proximately caused by CoreCivic's conduct or by any CoreCivic employee's conduct.

6. As a separate defense and in the alternative, CoreCivic alleges that Plaintiff cannot establish cause in fact.

7. As a separate defense and in the alternative, CoreCivic alleges that any act or omission by CoreCivic was not a substantial factor in causing Plaintiff's/decedent's alleged injuries.

8. As a separate defense and in the alternative, CoreCivic alleges Plaintiff's/decedent's injuries would have occurred notwithstanding CoreCivic's alleged act or omission.

9. As a separate defense and in the alternative, CoreCivic alleges that Plaintiff cannot prove foreseeability of harm.

10. As a separate defense and in the alternative, CoreCivic alleges that no person of

ordinary intelligence would have anticipated any danger allegedly created by CoreCivic's act/omission.

11. As a separate defense and in the alternative, CoreCivic alleges that the danger of injury's general character could not have been reasonably anticipated.

12. As a separate defense and in the alternative, CoreCivic alleges Plaintiff's allegations are based on mere conjecture, guess, or speculation.

13. As a separate defense and in the alternative, CoreCivic alleges that any act or omission on its part did not involve an extreme degree of risk.

14. As a separate defense and in the alternative, CoreCivic alleges it did not proceed in deliberate or conscious indifference to Plaintiff/decedent's rights, safety, or welfare.

15. As a separate defense and in the alternative, CoreCivic alleges it did not authorize or ratify any agents' gross negligence or negligently hire, supervise, or retain an unfit agent.

16. As a separate defense and in the alternative, CoreCivic alleges it acted in good faith and in a reasonable manner given the information and circumstances existing at the time.

17. As a separate defense and in the alternative, CoreCivic alleges it acted in a reasonably prudent manner to protect Plaintiff and decedent from known and foreseeable risks of harm.

18. As a separate defense and in the alternative, CoreCivic alleges that an intervening force was a superseding cause of Plaintiff's alleged damages and decedent's death.

19. As a separate defense and in the alternative, CoreCivic alleges that a new and independent cause intervened between any allegedly negligent conduct by CoreCivic and Plaintiff/decedent's alleged injury.

20. As a separate defense and in the alternative, CoreCivic alleges that decedent's voluntary and deliberate conduct was cause in fact of the decedent's death.

21. As a separate defense and in the alternative, CoreCivic alleges that the acts, omissions, and damages alleged in Plaintiff's Complaint were the result of acts or omissions of third parties.

22. As a separate defense and in the alternative, CoreCivic alleges that Plaintiff's alleged damages were the result of assumption of the risk by the decedent.

23. As a separate defense and in the alternative, CoreCivic alleges Plaintiff cannot establish damages.

24. As a separate defense and in the alternative, CoreCivic alleges Plaintiff failed to mitigate damages.

25. As a separate defense and in the alternative, CoreCivic alleges Plaintiff/decedent was solely or comparatively at fault for his alleged injuries.

26. As a separate defense and in the alternative, CoreCivic alleges it is entitled to all privileges and immunities extended to governmental entities and their contractors under federal and state law, including but not limited to sovereign immunity, absolute immunity, and qualified immunity.

27. As a separate defense and in the alternative, CoreCivic alleges, as a government contractor, it cannot be liable for performing in conformity with specifications established by ICE, and that it is shielded from liability.

28. As a separate defense and in the alternative, CoreCivic alleges that Plaintiff cannot establish intentional and arbitrary discrimination.

29. As a separate defense and in the alternative, CoreCivic alleges it does not receive Federal financial assistance as defined by the Rehabilitation Act.

30. As a separate defense and in the alternative, CoreCivic alleges that Plaintiff cannot establish that decedent was denied access to any particular service, program, or activity on any particular occasion.

31. As a separate defense and in the alternative, CoreCivic alleges that the modifications demanded by Plaintiff/decedent would fundamentally alter the nature of goods, services, facilities, privileges, advantages, or accommodations provided by CoreCivic.

32. As a separate defense and in the alternative, CoreCivic alleges that decedent had access to all of CoreCivic's services, programs, and activities through alternative methods.

33. As a separate defense and in the alternative, CoreCivic alleges that the decedent was not disabled.

34. As a separate defense and in the alternative, CoreCivic alleges that to the extent the decedent could be determined to be disabled, it made reasonable accommodations for the disabilities of decedent.

35. As a separate defense and in the alternative, CoreCivic alleges that the services, programs, and/or activities complained of in Plaintiff's Complaint, when viewed in their entirety, are readily accessible to and usable by individuals with disabilities.

36. As a separate defense and in the alternative, CoreCivic alleges that the conditions Plaintiff complains of did not prevent decedent from successfully and meaningfully participating in the programs, services, and activities offered by CoreCivic, or receiving the benefit of those programs, services, and activities.

37. As a separate defense and in the alternative, CoreCivic alleges to the extent the decedent could be determined to be disabled, Plaintiff cannot show that decedent's disability was the sole reason for CoreCivic's actions.

38. As a separate defense and in the alternative, CoreCivic alleges Plaintiff is not an alien.

39. As a separate defense and in the alternative, CoreCivic alleges decedent was not an alien.

40. As a separate defense and in the alternative, CoreCivic alleges that it did not commit a tort against decedent in violation of the law of nations or a United States treaty.

41. As a separate defense and in the alternative, an alleged or established violation of CoreCivic policy does not establish liability in tort or violation of any federal law, statute, act, or constitutional right.

42. CoreCivic puts Plaintiff on notice that future discovery may reveal additional facts which would support these and other affirmative defenses available to, but unknown by, CoreCivic, including those defenses set forth in Federal Rules of Civil Procedure 8, 12, and 19,

including but not limited to release, res judicata, waiver, and failure to join a party.

43. Defendant CoreCivic demands a jury trial.

**WHEREFORE**, Defendant CoreCivic respectfully requests that:

A. Plaintiff's Complaint be dismissed with prejudice, and that Plaintiff take nothing therein;

B. Defendant CoreCivic be awarded its costs, expenses, and attorneys' fees; and

C. Defendant CoreCivic be awarded such other and further relief as this court deems just and equitable.

Dated: November 13, 2020

Respectfully submitted,

s/Daniel P. Struck
Daniel P. Struck *(pro hac vice)*
   Lead Counsel
Rachel Love *(pro hac vice)*
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Phone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com

Jacob D. Massee (GA Bar No. 551890)
David Bobo Mullens, III (GA Bar No. 258029)
OLIVER MANER LLP
PO Box 10186
Savannah, Georgia 31412
Phone: (912) 236-3311
Fax: (912) 236-8725
jmassee@olivermaner.com
dbmullens@olivermaner.com

Attorneys for Defendant CoreCivic, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of November, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

George Brian Spears        bspears@mindspring.com

Jeffrey R. Filipovits       jeff@civil-rights.law

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

N/A

s/Daniel P. Struck