# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

EFRAIN ROMERO-GARCIA, as father
and statutory next-of-kin of Efrain Romero de
la Rosa,

        Plaintiff,

v.

CORECIVIC, INC.,

        Defendant.

Civil Action No. 4:20-CV-158 (CDL)

## ORDER TO CORECIVIC REGARDING THE PRODUCTION OF THIRD-PARTY INFORMATION

In connection with granting in part Plaintiff's Motion to Compel (Doc. 59), this Court ordered CoreCivic to produce certain private third-party information [1] related to CoreCivic detainees/inmates not party to this lawsuit. As background, CoreCivic objected to producing certain identifying, personal, and private information and/or records regarding other CoreCivic detainees/inmates without either a release executed by the representative of the third-party inmate/detainee or a Court Order to release the same in order to protect itself against allegations of improper or unauthorized release of personal identifying and/or other private information (as

---

[1] Production of detainee/inmate information and/or documents in this litigation may also necessarily include disclosure of identifying personal information and/or personal health information of additional detainees/inmates as well as names and personal information of other third parties to include but not be limited to detainee/inmate emergency contacts, next of kin, visitors, and/or persons with whom they make phone calls. Production of information and/or documents may also necessarily include logbooks, rosters, facility documents, communications, and ESI containing the names and personal information of detainees/inmates other than the deceased who is the subject of this litigation and personal identifying information of additional third parties.

may be restricted by 8 C.F.R. § 236.6, the Health Insurance Portability and Accountability Act of 1996 (HIPAA), and/or any applicable state/federal law). The production of certain information responsive to Plaintiff's discovery requests or further information revealed in the course of discovery may also necessarily require disclosure of information and/or documents that contain detainee/inmate and/or third-party personal and private information to include detainee/inmate names and agency identifier numbers, institutional history, healthcare information, mental health information, counseling information, substance abuse information, criminal history, and/or names and personal identifying information of a detainee/inmate's next of kin, emergency contacts, family members, phone call/mail recipients, and/or visitors.

The Court finds good cause to permit production of such information and to restrict the use and dissemination of the information to protect third-party privacy interests.  Accordingly,

IT IS HEREBY ORDERED:

In conjunction with specified rulings made during the Court's May 11, 2022, hearing on Plaintiff's Motion to Compel Discovery Against CoreCivic, Inc. (Doc. 59) regarding Defendant's responses to Plaintiff's Interrogatory Nos. 8 & 9, Request for Production No. 7, and future production of Electronically Stored Information (ESI), the Court orders release of responsive third-party information and/or documents as described above.  The production and possession of the documents produced by CoreCivic pursuant to this Order shall be governed by the Joint Protective Agreement and Order entered by the Court in this case on March 1, 2022 (Doc. 56) and designated as CONFIDENTIAL/ATTORNEYS' EYES ONLY.  The production and possession of the documents produced by CoreCivic pursuant to this Order shall also be governed by the parties' Joint Motion and Stipulation for Entry of Order Controlling Discovery of ESI ("ESI protocol") which the parties are finalizing and intend to submit to the Court on May 25, 2022.

All documents containing detainee/inmate information for any detainee/inmate other than the decedent in this case, shall be returned to CoreCivic's counsel of record in this case or destroyed, with certification of destruction provided to counsel of record for CoreCivic, within 30 days of the termination of this case, such termination date to include exhaustion of all appeals.

Pursuant to 8 C.F.R. § 236.6, HIPAA, and all applicable federal and state law regarding dissemination of identifying and personal information of any CoreCivic detainee/inmate and/or other third-party persons as identified in any detainee/inmate records, Plaintiff and/or his agents or assigns, to include his counsel of record in this case, are restricted from using, disclosing, producing, or otherwise disseminating the information or documents produced in response to this Order outside of this litigation. Plaintiff and/or his agents or assigns, to include his counsel of record in this case, are likewise restricted from using the information or documents produced in response to this Order for or in other litigation or making such information publicly available.

In the event that Plaintiff and/or his agents or assigns, to include counsel of record in this case, receive a subpoena or other order for production of documents subject to this Order at any time including after the termination of all proceedings associated with this case, they may provide a copy of this Order in response, but are prohibited from further dissemination of any such documents without express notice to counsel of record for CoreCivic and leave of this Court permitting such release.

Signed: May 25, 2022.

S/Clay D. Land
CLAY D. LAND
United States District Court Judge

- 3 -