I pIN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

EFRAIN ROMERO-GARCIA, as father
and statutory next-of-kin of Efrain Romero de
la Rosa,

                    Plaintiff,

v.

CORECIVIC, INC.,

                    Defendant.

Civil Action No. 4:20-CV-158 (CDL)

## JOINT PROTECTIVE AGREEMENT AND ORDER

Upon joint motion by the parties and pursuant to the terms of the following Protective

Agreement ("Agreement"), the Court enters the following PROTECTIVE ORDER.

### 1.A. PURPOSE AND LIMITATIONS

Discovery in this Action is likely to involve production of confidential, sensitive,

proprietary or private information including information from Non-Parties U.S. Department

of Homeland Security[1] ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"),

for which special protection from public disclosure and from use for any purpose other than

prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to

and petition the Court to enter the following Joint Protective Agreement and Order.  The

parties acknowledge that this Order does not confer blanket protections on, or allow blanket

designations of, all disclosures or responses to discovery and that the protection it affords

---

[1] For purposes limited to this Joint Protective Agreement and Order, references to "DHS," include
the DHS Office of Inspector General (DHS-OIG).

from public disclosure and use extends only to the limited information or items that are produced by DHS or ICE that are entitled to confidential treatment under the applicable legal principles.  Any documents or information aside from those produced by DHS or ICE are not governed by this Protective Order, and instead are governed by any protective orders that may already exist, or come to exist, between the parties to this litigation. This Protective Order is an order of the Court pursuant to 5 U.S.C. § 552a(b)(11) that allows for disclosure of documents or information whose disclosure would otherwise be prohibited by the Privacy Act of 1974.  As described herein, these documents shall be marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY.

    1.B.  <u>GOOD CAUSE STATEMENT</u>

This Action is likely to involve private, personally identifiable information ("PII"), business information, as well as governmental information that is sensitive, for which special protection from public disclosure and from use for any other purpose other than prosecution of this Action is warranted.  Such confidential, sensitive, and proprietary materials and information consist of, among other things, information protected by the Privacy Act of 1974, 5 U.S.C. § 552a; information that is law enforcement sensitive (i.e., non-public law enforcement information regarding Government policies, methods, techniques, procedures, guidelines and intelligence); investigatory information; "sensitive information" as defined at 48 C.F.R. § 3052.204.71 (contractor employee access); information that may not be disclosed under 8 U.S.C. § 1367 and 8 C.F.R. § 208.6; other Government official information, as well as names and other PII; financial and/or tax records; criminal record information; health information, which includes, but is not limited to, protected health information ("PHI"), and other sensitive private information

pertaining to individuals that is otherwise generally unavailable to the public, or which may be privileged or otherwise protected or prohibited from disclosure under state or federal constitutions, statutes, regulations, court rules, case decisions, or common law.

2. DEFINITIONS

2.1 Action: this pending federal lawsuit.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items:  any non-public document or tangible thing, electronic recording or transcript of oral testimony, whether or not made under oath, and the content of such document, thing, recording, or transcript, designated by any Non-Party as confidential because it contains:

(a) proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in Fed. R. Civ. P. 26);

(b) confidential PII related to current or former employees of CoreCivic, Inc. ("CoreCivic"), DHS or ICE, the disclosure of which might invade those current or former employees' privacy;

(c) documents containing financial, pricing, or contractual information;

(d) security sensitive information related to DHS or ICE operations of within any CoreCivic facility, or ICE facility;

(e) confidential PII relating to current or former ICE detainees (other than the decedent, Efrain Romero de la Rosa), the disclosure of which might invade those individuals' privacy;

(f)   documents  and  information  which  implicate  8  C.F.R.  §236.6 (detainee information under the control of ICE);

(g)  documents  and  information  which  implicate  the  Omnibus  and  Consolidated Emergency Appropriation Act of 1999;

(h) information, not already public or required to be disclosed as public record by law, that  reveals  DHS  or  ICE  law  enforcement  activities  and  operations;  internal  policies, processes and procedures; training materials; DHS and ICE investigative records, including, but not  limited  to,  Reports  of  Investigation  and  accompanying  exhibits;;  ICE  detention  facility diagrams,  including  information  related  to  placement  of  security  cameras  and  Milestone surveillance footage, to the extent such information is law enforcement sensitive such that it would  be  exempt  from  disclosure  under  the  Freedom  of  Information  Act,  5  U.S.C.  §  552 (b)(7)(E);

(i) ICE detainee grievance logs;

(j) information covered by the Privacy Act, 5 U.S.C. § 552a (records maintained on individuals)  contained  in  any  DHS  or  ICE  record,  including  testimony,  transcript  or recording of testimony, or other information produced in this Action, where the data subject (other than the decedent, Efrain Romero de la Rosa) has not provided written consent for the disclosure;

(k) records restricted or prohibited from disclosure by statute or regulation, including but not limited to, 8 U.S.C. § 1367 and 8 C.F.R. § 208.6; and

(l) any information copied or extracted from the above-described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation

of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying confidential material.

By way of example, and not limitation, CONFIDENTIAL Information or Items may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic or digital discs, electronically recorded tapes of any sort, transcripts, summaries, notes, abstracts, motions, drawings, and any instrument that comprises, embodies, or summarizes matter that any Party or Non-Party considers confidential.

The term "documents" includes but is not limited to correspondence, memoranda, or other printed matter, interoffice and/or intra-corporate communications, letters, statements, contracts, invoices, drafts, charts, worksheets, desk diaries, recordings, specifications, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), disclosures, data, reports, work assignments, instructions, electronic files, electronic information, emails, and other writings.

2.4 <u>Counsels/Attorneys</u>:  Outside Counsel of Record and House Counsel for the Parties in this Action and for the Non-Parties disclosing information in this Action (as well as their support staffs).

2.5 <u>Designating Non-Party</u>:  A Non-Party that designates information or items that it produces in disclosures or in response to discovery in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." It is understood and acknowledged that the Parties shall not designate information or items under this Protective Order, which applies only to production by Non-Parties, and further acknowledged and

understood that this Protective Order shall not limit a Parties right, if any, to designate information or items under any existing or future protective order(s) between the Parties.

2.6 <u>Disclosure or Discovery Material</u>:   all items of information, regardless of the medium or manner in which those are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.7 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to this Action who has been retained by a Party or their Counsel to serve as an expert witness or as a consultant in this Action.

2.8 "<u>HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY</u>":  CONFIDENTIAL information that the Designating Non-Party reasonably believes contains highly sensitive information, the disclosure of which could result in compromise of the safety or security of ICE operations within CoreCivic facilities and/or cause harm or retaliation to individuals, or is otherwise so designated by DHS or ICE in accordance with applicable federal regulations. These include, but are not limited to, detention facility security and design plans and documents that refer to or contain information regarding specific DHS, ICE, or CoreCivic employees and detention officers such as detainee grievance forms.

2.9 <u>House Counsel</u>: attorneys who are employees of a party to this Action, or a Non-Party disclosing information in this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>:   any person, partnership, corporation, association, governmental agency, or other legal entity not named as a Party to this Action.

2.11 <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a Party or Non-Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party or Non-Party (and their support staffs).

2.12 <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Non-Party</u>:  a Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as 'CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" by a Designating Non-Party.

2.16 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Non-Party.

2.17 <u>Signatories</u>: all Parties to this Action, their Counsel, and all Non-Parties and their Counsel that a court may subsequently recognize as signatories of this qualified Protective Order.

3. <u>SCOPE</u>

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  Any use of Protected Material at trial in this Action shall be governed by this Order. The protections conferred by this Protective Order shall not extend to any information or items other than Protected Material produced by Non-Parties.

4. <u>DURATION</u>

Even after final disposition of this Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trial, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Non-Party to sanctions.  If it comes to a Designating Non-Party's attention that information or items that it designated for production do not qualify for protection, that Designating Non-Party must promptly and separately notify all Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations.  Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Non-Party affix at a minimum, the "CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.

(b) For testimony given in depositions, that the Designating Non-Party identifies the Disclosure or Discovery Material on the record that qualifies for protection under this Order, the testimony should be identified on the record as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY wherever possible.  A Non-Party may later designate portions of depositions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" after transcription, within sixty (60) days of DHS and/or ICE's receipt of the transcript.  The reporter shall provide an electronic copy of the transcript to DHS and/or ICE at the same time it provides the transcripts to the Parties at no cost to the

Plaintiff.  Those portions of the original transcripts that contain Confidential or Highly Confidential-Attorneys' Eyes Only Material shall bear the legend 'CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY-SUBJECT TO PROTECTIVE ORDER" at the beginning of the text which has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" and the cover page of the transcripts that contain such Protected Material shall bear the legend, as applicable, "CONTAINS CONFIDENTIAL PORTIONS" or "CONTAINS HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY PORTIONS."

(c) With respect to documents containing Protected Material produced in Native Format, the Designating Non-Party shall include the appropriate confidentiality designation in the filename.

(d) With respect to all documents produced that contain Protected Material, the Designating Non-Party will also include in the Load File the appropriate designation that includes the level of protection (*e.g.*, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY").

(e) A Designating Non-Party may designate, or counter designate with a higher designation, information or items produced in this Action by another Non-Party that contains or is derived from the Designating Non-Party's own Protected Material.  Designations or counter-designations are subject to the restrictions set forth in this Protective Order.  Each Non-Party that designates or counter designates such information or items will be treated as the Designating Non-Party for purposes of this Protective Order.

5.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected by written notice to the Receiving Party, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Non-Party's right to secure protection under this Protective Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.  The Receiving Party shall treat such documents, things, information, responses and testimony as Protected Material from the date such notice is received in accordance with the provisions of this Protective Order.  The Receiving Party shall reasonably cooperate to correct any disclosure to maintain the confidentiality of the previously undesignated information, without prejudice. Within ten (10) days of providing written notice that information or items were not designated Protected Material under this provision, the Designating Non-Party must provide the Receiving Party with replacement copies of such information or items containing the proper designation.  Upon receipt of such replacement copies, the Receiving Party shall immediately destroy any copies of the unmarked or incorrectly marked information or items.  If a Party is notified that a document or information was inadvertently produced without being marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"  and the document or information is already part of a filing with the Court, the filing party shall either withdraw the document or information, or the Parties shall agree to brief the issue for the Court pursuant to applicable law, including Local Rule 79 ("Files and Exhibits and Removal Thereof"); ECF Administrative Policies and Procedures, Section 5.4 ("Privacy Protection for Filings Made With the Court"); and the Chamber's Rules, with respect to filing documents under seal.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  A Challenging Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge at the time the original designation is disclosed.

6.2 <u>Manner of Challenges</u>.  A Challenging Party who objects to a confidentiality designation after meeting and conferring in good faith with the Designating Non-Party may, if the dispute is not resolved consensually between the Challenging Party and the Designating Non-Party within fourteen (14) days of notice of objections, file and serve a motion that identifies the Protected Material challenged and sets forth the basis of the challenge.  The burden of persuasion in any such challenge proceeding shall be on the Designating Non-Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties or Non-Parties), may expose the Challenging Party to sanctions.  Unless the Designating Non-Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Non-Party's designation until the Court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle the Action.  A Receiving Party may not use Protected Material in any other legal proceeding, except as permitted by order of court, or as agreed by the Parties

and/or Non-Parties in this Action as set forth under this Protective Order.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to persons authorized under this Protective Order.

7.2  Authorized Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees and any legal, investigative, technical, administrative, and other support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the Receiving Party itself, including the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined by this Order) or independent consultants (and their staff) retained by Attorneys for the Receiving Party to whom disclosure is reasonably necessary for the Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for the Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary, provided that: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information; pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.3 Authorized Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Non-Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in the Action, as well as employees and any legal, investigative, technical, administrative, and other support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Action;

(b) the Receiving Party itself, but only insofar as such disclosure is reasonably necessary for such Receiving Party to identify facts or witnesses that cannot be identified by reference to materials not designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such discussion or showing of the relevant document(s) shall not include providing the Receiving Party with copies;

(c) Experts (as defined in this Order) or independent consultants (and their staff) retained by Attorneys for the Receiving Party to whom disclosure is reasonably necessary for this Action, and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) during their depositions, witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary, provided that:  (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information; pages of transcribed deposition testimony or exhibits to depositions that reveal Highly Confidential-Attorneys' Eyes Only Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.4 Decedent's Confidential Information. While this Protective Order intends to limit access to certain information as set forth under this Order, nothing in this Order limits

Plaintiff or his family members from viewing the decedent's confidential information, which includes his non-publicly available medical and mental health records.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Non-Party, ideally, not less than two weeks before disclosure, so that the Designating Non-Party may object and seek further protection as necessary, including a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, including a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Non-Party whose Protected Material may be affected.

If the Designating Non-Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Non-Party's permission. The Designating Non-Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing

in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>PARTY COUNSELS' USE OF PARTIES' OR NON-PARTIES' PROTECTED MATERIAL IN OTHER LITIGATION</u>

If a Party's Counsel desires to use any Non-Parties' documents or confidential information produced pursuant to this Protective Order in any other lawsuit, Counsel must first request in writing permission from that Non-Party and/or their Counsel.  The request must be made in sufficient time (not less than two weeks before disclosure) to allow the Non-Party and/or their Counsel to adequately respond.  If permission is given, all terms of this Protective Order will apply to use of the documents and confidential information in any other lawsuit.  If permission is not given,  Counsel agrees not to use the documents and confidential information produced in this Action in any other litigation.

10. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections, including negotiating a separate protective order with any third party, provided that all Parties to this Action are included in the negotiation of such agreement and ultimately agree to the terms of such agreement.

(b) Nothing contained herein shall be construed to restrict the ability of a Non-Party from objecting to disclosure of information within its possession, custody, and control pursuant to any applicable federal or state law.  These include, but are not limited to, information covered by the DHS *Touhy* regulations, 6 C.F.R. §§ 5.41 *et seq.*

11.  <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately:

(a) notify in writing the Designating Non-Party of the unauthorized disclosures;

(b) use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Order, and

(d) request such person(s) to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

12.  <u>SECURITY AND DATA BREACH</u>

(a) Any person in possession of a Non-Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of such Protected Material as they would apply to their own material of the same or comparable sensitivity, including complying with all applicable law and regulations governing such Protected Material.

(b) Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration, and destruction.  Such measures shall include:

(1) Reasonably preventing unauthorized persons from gaining access to Protected Material (physical access control);

(2) Reasonably preventing Protected Material from being used without authorization (logical access control) including, but not limited to, the use of passwords;

(3) Reasonably ensuring that persons entitled to use Protected Material gain access only to such Protected Material as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, Protected Material cannot be read, copied, modified or deleted without authorization (data access control);

(4) Reasonably ensuring that Protected Material cannot be read, copied, modified or deleted without authorization during electronic transmission, transport or storage on storage media, and that the target entities for any transfer of Protected Material by means of data transmission facilities can be established and verified (data transfer control);

(5) Reasonably ensuring the establishment of an audit trail to document whether and by whom Protected Material has been entered into, modified in, or removed from Protected Material processing systems (entry control); and

(6) Reasonably ensuring that Protected Material is processed solely in accordance with instructions from Counsel or Receiving Party (control of instructions).

(c) If the Receiving Party discovers a breach of security relating to the Protected Material of another Non-Party, the Receiving Party shall:

(1) provide written notice to Designating Non-Party of such breach no later than twenty-four (24) hours of Receiving Party's discovery of the security breach;

(2) investigate and remediate the effects of the security breach, and provide Designating Non-Party with assurance reasonably satisfactory to Designating Non-Party that such breach shall not recur; and

(3) provide sufficient information about the breach that the Designating Non-Party can reasonably ascertain the size and scope of the breach.

(d) If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Non-Party sufficient prior notice in order to contest such request, requirement or order through legal means.  The Receiving Party agrees to provide reasonable cooperation to the Designating Non-Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment.

(e) Upon the conclusion of this action, the Receiving Party shall comply with the retention and disposal provisions set forth in paragraph 13 of this Joint Protective Agreement and Order.

13. <u>MISCELLANEOUS PROTECTIVE PROVISIONS</u>

13.1 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person or entity to seek its modification by the Court in the future.

13.2 <u>Right to Appropriately Withhold or Redact.</u>  Notwithstanding the provisions of this Order, Non-Parties producing Disclosure or Discovery Material may redact from any such material, whether designated Protected Material or not, any information containing privileged material or any other data protected from disclosure by state or federal law.

13.3 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party or Non-Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party or Non-Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

13.4 <u>Right to Redact Confidential Information to be Filed on Public Record</u>.

(a) All pleadings, motions, responses, or replies, or any other proposed court filings that contain Confidential or Highly Confidential-Attorneys' Eyes Only information shall, if feasible, be filed on the public record in redacted form, with as few redactions as possible. The Party seeking to use such Confidential information shall seek leave of the Court to file an unredacted version under seal with the clerk of the court.  The Party seeking to use such information on the public record shall promptly notify in writing the Non-Party who has designated the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, ideally not less than two weeks before filing, so that the Non-

Party may object and seek further protection as necessary, including making appropriate redactions.

(b) Confidential information containing home addresses, personal dependent information, or personal contact information concerning DHS and/or ICE's former or current employees, will not be disclosed to any present or former detainee, their family members, or any member of the general public. Access will be restricted to the Attorneys in this Action and any consulting or testifying Experts, including their staffs.

(c) Confidential information containing proprietary policies, protocols, practices, and directives relating to security procedures utilized by any DHS or ICE employee, at any CoreCivic facility, or at any ICE facility, will not be disclosed to any present or former detainee, their family members, or any member of the general public, unless they are already public records.

(d) DHS and/or ICE will produce the information described in 13.4(b) and 13.4(c) with the label "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Confidential information so labeled shall not be disclosed to the public or to any present or former detainee or their family members and will be handled accordingly at all times barring a written agreement by DHS and/or ICE to modify or remove the designation or a court order. Before any portion of a deposition or court proceeding transcript that has been marked CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER and/or HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY-SUBJECT TO PROTECTIVE ORDER and contains testimony or documentary evidence regarding confidential personal information pertaining to a current or former DHS and/or ICE employee, including but not

limited to the employee's home address, home and/or personal mobile phone number, personal email address, names of friends and/or family members, or other similar personal information, is filed with the Court or provided to any person other than the Attorneys in this Action, including the Parties or their Experts, all such confidential personal information shall be redacted.

14. FINAL DISPOSITION

14.1 Retention of Copies During Litigation.  Copies of Protected Material shall be maintained only in the offices of Counsel for the Receiving Party and, to the extent supplied to Experts, in the offices of those Experts[2].  Any documents produced in this Action, regardless of classification, that are provided to Counsel to the Parties and Non-Parties and Experts, shall be maintained only at the office of such qualified person and only necessary working copies of any such documents shall be made. For purposes of this provision, maintaining information "in the offices of" an individual shall include maintenance of electronic copies on that individual's computer, appropriately secured network drives, and appropriately secured third party litigation support systems.

14.2 Return of Copies After Litigation.  No later than 120 days after conclusion of this Action and any appeal related to it, Counsel and their Experts shall return to the Producing Non-Party, or by agreement of the Parties and/or Non-Parties, provide a Certificate of Destruction of any Protected Material produced in this Action. Legal memoranda and briefs containing Protected Material and any work product materials containing Protected Material may be retained if such

---

[2] While COVID-19-related shelter-in-place orders (or similar orders including regular telework orders) are in effect, the parties acknowledge that an individual's "office" may include that individual's home.

information is kept in possession of Counsel, and shall not be disclosed contrary to the provisions of this Protective Order. File copies of deposition transcripts may also be retained by Counsel, and file copies of any Expert reports produced may be retained by Counsel and by the authoring Expert, subject to the provisions of this Protective Order.

14.3 <u>Use of Archival or Backup Data</u>.  Notwithstanding this provision, Counsels are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Counsels also shall not be required to delete Protected Material that may reside on their respective Parties' or Non-Parties' offices' or vendors' electronic disaster recovery systems that are overwritten in the normal course of business, or Protected Material that may reside in electronic files which are not reasonably accessible.  However, Parties and their Counsel shall not retrieve, access, nor use any Protected Material from said electronic discovery systems or other not reasonably accessible data sources after the conclusion of this Action.

15. <u>CONSEQUENCES FOR VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Dated: _November 10, 2022.

S/Clay D. Land
_____
HONORABLE CLAY D. LAND
UNITED STATES DISTRICT JUDGE